IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| COREY THOMPSON, | ) | |
| TDCJ #795354, | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 7:08-CV-090-O |
| v. | ) | |
| | ) | |
| JOHNNY DUKES, *et al.*, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This is a civil rights action brought pursuant to the provisions of Title 42, United States Code, Section 1983. Plaintiff is an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. The Defendants are employees of the Texas Department of Criminal Justice.

The Plaintiff, Corey Thompson, alleges the following civil rights violations:

1.      excessive force;

2.      failure to protect him from the use of excessive force;

3.      false disciplinary action;

4.      unlawful retaliation;

5.      deprivation of food;

6.      destruction of personal and legal property;

7.      unsanitary conditions of confinement, and;

8.      denial of medical care.

*See* Amended Complaint and Supplemental Complaint.  In an attempt to better understand the factual basis of Plaintiff's claims, a questionnaire was issued to him by the Court.  Plaintiff filed his answers and, for purposes of the Court's review at this stage of litigation, the facts stated by Plaintiff are assumed to be true.  However, conclusory allegations and legal conclusions are insufficient to state a claim.

Excessive Force

 "To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm' and that he suffered an injury."  *Eason v. Holt*, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Plaintiff states that a "use-of-force team" used excessive force against him on January 8, 2009.  In his answers to the Court's questions, Plaintiff concedes that force was used against him because he took control of the food slot, demanded that his confiscated papers be returned, refused to exit his cell, and refused to stand and walk.  Plaintiff's Answer to the Court's Question No. 45.

While it is unfortunate that the situation escalated to the point that force was used, Plaintiff cannot prevail on this claim.  In situations such as this, "[prison officials] are entitled to wide-ranging deference."  *See Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998) (finding that the use of mace to quell a disturbance caused by inmates on a bus did not constitute excessive force).  "The amount of force that is constitutionally permissible ... must be judged by the context in which that force is deployed."  *Id.* (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)).  The use of force

does not constitute cruel and unusual punishment when reasonably necessary to subdue a recalcitrant prisoner. *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir. 1975); *see Williams v. Hoyt*, 556 F.2d 1336, 1339-40 (5th Cir. 1977) (affirming jury verdict for the defendants where evidence was sufficient to show that mace was used only for the control of unruly prisoners and was, therefore, not excessive). Plaintiff presents no facts which could show that the use of force team applied force maliciously and sadistically in an effort to cause him harm. *See* Plaintiff's Answers to the Court's Questions No. 45-49. Rather, according to Plaintiff's own account of the incident, force was used to restore order and enforce his compliance with directives from prison officials.

In another incident, Plaintiff states that Lt. Stengel told him to prepare for a strip search, and then without provocation, sprayed a chemical agent on his testicles, anus, back, and legs. Plaintiff also claims that excessive force was used against him by two prison guards, Richard Walden and Johnny Dukes, when they beat him after a verbal altercation. Review of the allegations set forth in Plaintiff's pleadings reflects that he has stated colorable claims of excessive force against Defendants Stengel, Walden and Dukes.

<u>Failure to Protect</u>

Plaintiff claims that Warden Eddie Williams failed to protect him from the alleged attack by Defendant Dukes. To establish a civil rights claim against a prison official for failure-to-protect, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Deliberate indifference" is a subjective standard which occurs only where a prison official knows

of and disregards a substantial risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837. Deliberate indifference thus requires that "the [offending] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Neals*, 59 F.3d at 533 (quoting *Farmer*, 511 U.S. at 837).

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which, if taken as true, would indicate that the Defendant Williams was aware of facts from which a substantial risk of serious harm existed or that he actually drew that inference. *See Plaintiff's Answer to the Court's Question No. 33.* Plaintiff's allegations regarding any risk of physical harm prior to the alleged use of force by Dukes are conclusory in nature and, as such, fail to state a claim under the Civil Rights Act. *See Fernandez-Montes, supra; Van Cleave, supra.*

<u>False Disciplinary Action</u>

Plaintiff claims that false disciplinary action was brought against him for allegedly assaulting Officer Dukes. Plaintiff states that he was found guilty of head-butting and spitting on Officer Dukes but that the finding of a head-butt was later overturned while the spitting charge remained.

Plaintiff cannot prevail on his claim of false disciplinary action at this time. An inmate who is entitled to mandatory supervised release may have a constitutionally protected liberty interest in earned good time credits such that due process attaches to any proceeding in which such credits are

revoked.  *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997).  However, where a favorable determination in a civil rights action would automatically entitle a prisoner to accelerated release, he must obtain a favorable habeas judgment prior to seeking redress under § 1983.  *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *see also, Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973) (holding that the proper avenue to seek restoration of lost good-time credits is a habeas corpus proceeding rather than a civil rights action).

Assuming, *arguendo*, that Thompson lost previously earned good time credits and that he is entitled to mandatory supervised release, he has not shown that the results of the disciplinary proceeding have been reversed, invalidated or otherwise called into question.[1]  Thus, his civil rights claims are currently barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim based on allegations that would necessarily imply the invalidity of a disciplinary hearing is not cognizable in a civil rights action unless the disciplinary action has been reversed, expunged or otherwise invalidated).

<u>Unlawful Retaliation</u>

Plaintiff alleges unlawful retaliation on the part of Defendants Dukes, Walden, Craighead, Stengel, Baker, and Hobbs.  State officials may not retaliate against an inmate for the exercise of a constitutionally protected right.  *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995); *Gibbs v. King*,

---

[1]  While Thompson claims that the finding of a head-butt was overturned, he concedes that the finding of guilt as to assaulting an officer remains due to the finding that he spit on Dukes.

779 F.2d 1040, 1046 (5th Cir. 1986).  In order to show retaliation an inmate "must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred."  *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166).  This places a significant burden on the inmate.  Mere conclusory allegations are insufficient to state a claim.  *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988).  The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred."  *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).  Trial courts are required to carefully scrutinize civil rights actions based on claims of retaliation as those claims "must [] be regarded with skepticism."  *Id.*  (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).  A plaintiff's bare assertion of retaliation, without any supporting facts, is insufficient to state a claim under 42 U.S.C. § 1983.  *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (prisoner must show more that "personal belief" to establish retaliation).

Although he was given ample opportunity to set forth the facts underlying his complaint, Thompson has failed to allege any scenario which could show that, but for a retaliatory motive, in retaliation for exercising a constitutional right, the incidents of which he complains would not have occurred.  *See Plaintiff's Answers to the Court's Questions No. 11-14, 28 & 29.*  Thompson's allegations of retaliation are conclusory in nature and, as such, fail to state claims under the Civil Rights Act. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding

that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983).   Plaintiff's subjective belief that Defendants had retaliatory motives is insufficient to maintain this claim.

<u>Deprivation of Food</u>

Plaintiff claims that he was denied meals by Defendant Dukes and by officers working with him on certain days.  To satisfy constitutional requirements in the area of food service, a state must furnish its prison inmates with reasonably adequate food.  *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) (holding one incident of food poisoning insufficient to state a claim under § 1983).  The deprivation of food constitutes cruel and unusual punishment in violation of the Eighth Amendment if it denies an inmate the "minimal civilized measure of life's necessities."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347(1981)).   In determining whether a deprivation of food falls below this threshold, the Court looks to the amount and duration of the deprivation.  *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998).

In the case at bar, Plaintiff complains that he missed three meals over the period of one week. Plaintiff's Answer to the Court's Question No. 26.   While the Court does not condone the withholding of meals from an inmate, the Court finds that a deprivation of six meals in seven days does not rise to the level of a constitutional violation.  *See Talib v. Gilley*, 138 F.3d at 214 n.3 (expressing doubt as to any constitutional violation where the plaintiff claimed that he missed "about fifty meals in five months and lost about fifteen pounds.").  Moreover, Plaintiff does not allege any

injury resulting from the alleged missed meals.  He does not claimed to have lost weight and does not claim that his health was, in any way, put at risk.  *See Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (finding no Eighth Amendment violation where the plaintiff made no claim that he suffered adverse effects from missing meals).  Therefore, Thompson has failed to state a claim of constitutional magnitude.

<u>Destruction of Personal and Legal Property</u>

Thompson next claims that personal and legal property was taken from him and destroyed. The United States Supreme Court has held that the "unauthorized, intentional deprivation of property" does not constitute a civil rights violation if there exists a meaningful post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *accord Nickens v. Melton*, 38 F.3d 183, 184-85 (5th Cir. 1994); *see also Holloway v. Walker*, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law).  Under the circumstances of the instant case and to the extent, if any, that Defendants can be held liable for unlawfully taking property, Plaintiff has the state common-law action of conversion available to remedy his alleged deprivation.  *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Myers v. Adams*, 728 S.W.2d 771 (Tex. 1987).  Conversion occurs when there is an unauthorized and unlawful exercise of dominion and control over the property of another which is inconsistent with the rights of the owner.  *Armstrong v. Benavides*, 180 S.W.3d 359, 363 (Tex. App. – Dallas 2005, *no writ*); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App. -- San Antonio 1978, *no writ*).  If Defendants exercised unauthorized and unlawful control over Plaintiff's property,

-8-

he has a factual basis to allege a cause of action in conversion. Such a common-law action in state court would be sufficient to meet constitutional due process requirements.[2] *Groves v. Cox*, 559 F. Supp. 772, 773 (E.D. Va. 1983).

<u>Unsanitary Conditions of Confinement</u>

Next, Plaintiff claims that he was placed in a cell that had feces smeared on the walls. He claims that there was no running water and that he was not given cleaning supplies. Plaintiff's Answer to the Court's Question No. 27.

The Eighth Amendment prohibits cruel and unusual punishments. This has been interpreted by the Supreme Court to prohibit physically barbarous punishments, punishments which involve "the unnecessary and wanton infliction of pain," or which are grossly disproportionate to the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

In the case at bar, Plaintiff's alleged confinement in the feces-smeared cell was limited in duration. Even though cleaning supplies were not available, the Court finds that such confinement, lasting for only 24 hours, does not rise to the level of a constitutional violation. *See Davis v. Scott*, 157 F.3d 1003 (5th Cir. 1998) (three-day confinement in crisis management cell with blood on walls and excrement on the floor did not constitute and extreme deprivation so as to violate inmate's Eighth Amendment rights, especially in light of the fact that cleaning supplies were made available).

---

[2] The Court notes that Plaintiff makes no claim of denial of access to the Courts with respect to his missing legal property.

<u>Denial of Medical Care</u>

Plaintiff claims that he was not given any medical care for injuries allegedly sustained in the use of force by Defendant Dukes.

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996). A delay in medical care can rise to the level of a constitutional violation if the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as jail medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g., Estelle v. Gamble*, 429 U.S. at 107-08; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Plaintiff concedes that, after the use of force by Dukes, he was seen by a medical care provider, Nakita Johnson, who examined him visually. Plaintiff's Answer to the Court's Question

-10-

No. 10.  Although Plaintiff cannot remember what she said about his alleged injuries, he does not dispute that he was seen by a medical care provider.

Plaintiff cannot prevail on his medical care claim.  He has not identified any individual who allegedly denied him medical care and he has presented no facts or circumstances which could support his bald allegation that he was denied medical care.  In a cause of action under § 1983, it is necessary to specify the personal involvement of each defendant.  *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1983).  A plaintiff cannot make generalized allegations.  *Howard v. Fortenberry*, 723 F.2d 1206, 1209 (5th Cir.), *vacated in part on denial of rehearing*, 728 F.2d 712 (5th Cir. 1984).  There must be an affirmative link between the deprivation and some act by the defendant.  *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976).  To the extent that Plaintiff is asserting a claim based upon negligence, relief is unavailable under § 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

The Court may dismiss a complaint filed by an inmate proceeding *in forma pauperis* if the Court determines that the action is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991).  A complaint is without an arguable basis in law if it is "based on indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.  With the exception of his excessive force claims against Defendants Stengel, Walden and Dukes, Plaintiff has failed to state any colorable civil rights claims.

The Court finds that, due to the numerous claims, numerous Defendants, and voluminous pleadings in this action, judicial efficiency will be served by severing Plaintiff's excessive force

claims from this case and opening a new civil action.  The new case will be styled **Thompson v. Dukes, No. 7:11-CV-126-O**.  The Defendants are Johnny Dukes, Richard Walden and Frank Stengel.

It is ORDERED that Plaintiff's deprivation of property claims are DISMISSED without prejudice.

It is further ordered that Plaintiff's remaining civil rights claims are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

To the extent, if any, that Plaintiff presents claims cognizable in a petition for writ of habeas corpus, such claims are DISMISSED without prejudice.

A copy of this order shall be transmitted to Plaintiff.

SO ORDERED this 30th day of September, 2011.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**